In re William Daniel **SCHWARTZ**, Barbara Jane Schwartz, Debtor.

Rhonda E. **TAYLOR**, Trustee, Plaintiff,

v.

**FARMERS BANK & TRUST COMPANY, Defendant.**

Bankruptcy No. 48400185.
Adv. No. 4840042.

United States Bankruptcy Court, W.D. Kentucky.

Jan. 23, 1985.

Rhonda Taylor, Owensboro, Ky., trustee.

John Dorsey, Henderson, Ky., for defendant.

Russ Wilkey, Owensboro, Ky., for debtor.

## MEMORANDUM

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This case involves a principle of bankruptcy law so perfectly clear that we may rule on the matter summarily, without any extended factual analysis or citations of authority. We rule on the basis of stipulated facts and settled law.

Plaintiff is Rhonda Taylor, trustee in bankruptcy, asserting her "strong-arm" powers under 11 U.S.C. § 544 to avoid an unperfected security interest held by the defendant, Farmers Bank & Trust Co. of Henderson. As an accommodation to the debtor, the bank had released a lien on one financed vehicle to permit the debtor's acquisition and financing of another; however, for reasons not relevant here, the bank failed to protect itself in the replacement-vehicle financing by filing a financing statement as required by KRS 355.9–302. At the time of the bankruptcy filing, the bank had physical possession only of the unrecorded certificate of title to the vehicle. The bank claims an equitable lien.

This writer's first extended exposure to the trustee's strong-arm powers came in the case of *In re Kutz*, BK 78–00695–L (1979), *affirmed sub nom, Ames v. Burbank*, (D.C.W.D.Ky.1980), ruling for the trustee against the holder of an unrecorded mortgage. *Kutz* was a case under Section 70(c) of the old Bankruptcy Act, the statutory predecessor to Section 544. The new Section 544, which went even further than prior law in strengthening the trustee's avoidance power with respect to improperly perfected or unperfected security interests, has been the subject of such an abundance of authority, virtually all favorable to the trustee, that we need not recite it here. *See* Chapter 544, *Collier on Bankruptcy* (15th Ed.1984).

With all deference to the bank's plea that "equity regards as done that which ought to have been done", we know of no recorded case in which that hoary maxim of equity has come out anything but second best to the truly awesome statutory avoidance powers of the bankruptcy trustee in repelling claims of equitable liens.

The trustee is respectfully instructed to tender an appropriate Judgment and Order to implement this Memorandum.